# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                          )
v.                        )          I.D. # 1306023761A
                          )
DAVID G. NAUGHTON,        )
                          )
          Defendant.      )

Date Submitted: July 14, 2016
Date Decided: October 12, 2016

**Upon Defendant's Motion for Post-Conviction Relief: DENIED**

This 12th day of October, 2016, upon consideration of Defendant's Motion for Post-Conviction Relief (the "Motion") under Superior Court Criminal Rule 61 ("Rule 61") and the record in this case, it appears to the Court that:

## FACTUAL AND PROCEDURAL BACKGROUND

1.     David G. Naughton was arraigned on July 9, 2013 on charges that he raped, and engaged in unlawful sexual conduct with, his granddaughter. Naughton was released on bond with the condition that he have no contact, direct or indirect, with the alleged victim. In the conditions of release that he signed, Naughton acknowledged he was prohibited from (1) being in the physical presence of the alleged victim, (2) sending any communication to the alleged victim by mail, through another person, or through electronic means, (3) contacting the victim in

any way, and (4) having anyone else, other than his attorney, contact the alleged victim.

2.　　Naughton was indicted on July 22, 2013 on charges of Rape in the Second Degree and Sex Offender Unlawful Sexual Conduct with a Child. In August 2013, Naughton wrote a letter to his daughter, Melissa Naughton, who is the aunt of the alleged victim. In the letter, Naughton asked Melissa to speak with the alleged victim and ask her to "tell the truth." On September 16, 2013, a grand jury re-indicted Naughton to add one count of Non-Compliance with Conditions of Bond. On September 5, 2014, the State dismissed the charges of rape and unlawful sexual conduct and moved to amend the remaining charge to Attempted Non-Compliance with Conditions of Bond.

3.　　At trial on September 9, 2014, Naughton admitted signing the bond conditions and writing the letter to Melissa Naughton.[1] Naughton conceded that, through the letter, he was "asking or telling Melissa to speak to [the alleged victim]."[2] When Melissa Naughton testified at trial, she acknowledged receiving the letter and stated she recognized, through handwriting and other characteristics, that Naughton wrote the letter.[3] The jury also heard the testimony of Detective Steven Burse, who was the detective investigating Naughton on the rape and

---

[1] Trial Tr. 68-70.
[2] Id. at 76, 77.
[3] Id. at 41-43.

unlawful sexual conduct charges. Because those charges had been dismissed by the time of trial, the Court excluded testimony regarding the nature of the dismissed charges and instructed the jury that those charges were not relevant for purposes of reaching their verdict for the remaining charge.[4] Detective Burse testified that he arrested Naughton and turned him over for arraignment.[5] During his testimony, the State elicited Detective Burse's background, which included testimony that "the majority of the cases [he] handle[s] are abuse situations involving juveniles and serious domestic-related incidents."[6]

4.      Although the letter Naughton wrote to Melissa was a trial exhibit, counsel agreed to redact the portions that referred to the alleged victim's allegations of sexual misconduct by Naughton. During closing arguments, however, Naughton's counsel, Christopher Tease, Esquire ("Trial Counsel"), referenced a portion of the letter that had been redacted, specifically the alleged victim's statement that Naughton "squeezed her tooty real hard."[7] The Court immediately instructed the jury to disregard that statement, explaining:

> Ladies and gentlemen of the jury, whatever other charges there might be or might have been is really beside the point. For purposes of the question, you have to decide whether all of the elements of attempted noncompliance with conditions of bond have been proved. And it is important for you to simply not be distracted and not to

---

[4] *Id.* at 20-21.
[5] *Id.* at 20-22.
[6] *Id.* at 19-20.
[7] *Id.* at 96-97.

3

focus on things that are not in front of you for your consideration about which you did not hear evidence. And with that in mind, ignore the – and disregard the very last comment that [Trial Counsel] made.[8]

5. After receiving instructions on the law, the jury retired to deliberate and returned a guilty verdict on the charge of attempted non-compliance with bond conditions.[9] After trial, but before Naughton was sentenced, Trial Counsel was placed on disability status, and new counsel, Patrick Collins, Esquire ("Substitute Counsel") was appointed to represent Naugton. At sentencing on May 29, 2015, Naughton was sentenced to five years at Level V, with credit for 41 days previously served, suspended for five years at Level IV Home Confinement, suspended after six months for 18 months at Level III.[10]

6. Substitute Counsel timely filed a notice of appeal on Naughton's behalf, followed by a brief and a motion to withdraw under Supreme Court Rule 26(c). Substitute Counsel asserted that, based on a complete and careful examination of the record, there were no arguably appealable issues. Despite being given an opportunity to do so, Naughton did not raise any issues for the Supreme Court to consider on appeal. The Delaware Supreme Court reviewed the record and concluded Naughton's appeal was "wholly without merit and devoid of

---

[8] *Id.* at 101.
[9] *Id.* at 123-24.
[10] D.I. 72.

4

any arguably appealable issue."[11] The Delaware Supreme Court therefore affirmed Naughton's conviction.

7.     Naughton filed this Motion on February 11, 2016. Naughton raised two grounds for post-conviction relief in his Motion: (1) ineffective assistance by his Trial Counsel, and (2) prosecutorial misconduct.[12] By order dated April 25, 2016, the Court ordered Substitute Counsel to respond to the Motion by affidavit and further ordered the State to respond after Trial Counsel's affidavit was filed. Finally, the Court granted Naughton time to respond to the submissions by Trial Counsel and the State. Naughton did not file a response.[13]

## ANALYSIS

### A. Procedural bars to Naughton's claims

8.     Before addressing the merits of any claim for post-conviction relief, this Court first must determine whether the motion procedurally is barred under Rule 61.[14] A motion for post-conviction relief may be barred for timeliness and repetition, among other things. A motion filed under Rule 61 is untimely if it is

---

[11] *Naughton v. State*, 2015 WL 9434546, at *1 (Del. Dec. 22, 2015).

[12] D.I. 33 at 3.

[13] Naughton filed a Motion for Appointment of Counsel on April 18, 2016. This Court denied that motion by order dated June 28, 2016. On July 12, 2016, Naughton filed a letter detailing what he believes are the "exceptional circumstances" justifying appointment of counsel. To the extent that letter constitutes a motion to reargue the motion for appointment of counsel, Naughton's request is denied. The "exceptional circumstances" Naughton alleges are his inability to afford counsel, which this Court previously concluded did not rise to the level of exceptional circumstances. *See* D.I. 90.

[14] *See Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

filed more than one year after a final judgment of conviction.[15] A defendant also is barred from filing successive motions for relief under the rule.[16] The rule further prohibits motions based on any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[17] Finally, the Rule bars consideration of any ground for relief that previously was adjudicated in the case.[18]

9.      Notwithstanding the aforementioned procedural bars, this Court may consider a motion that otherwise is barred if the motion is based on claims that the Court lacked jurisdiction or the motion satisfies the pleading requirements set forth in Rule 61(d)(2).[19] Rule 61(d)(2) requires that the movant plead with particularity that (i) new evidence exists that creates a strong inference that the movant actually is innocent in fact of the acts underlying the charges of which he was convicted, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

---

[15] Super. Ct. Crim. R. 61(i)(1).
[16] *Id.* 61(i)(2); *see id.* 61(d)(2)(i)-(ii) (regarding the pleading requirements for successive motions).
[17] *Id.* 61(i)(3).
[18] *Id.* 61(i)(4).
[19] *Id.* 61(i)(5).

10. Naughton's claim of prosecutorial misconduct procedurally is barred because it is one that could have been, but was not, raised in the proceedings leading up to his conviction. Naughton's Motion does not specifically explain what misconduct he contends the State committed; he simply asserts that the State "blatantly erred" by "not following [the] judge's instruction in direct examination of . . . Detective [Burse]."[20] There were no objections raised during Detective Burse's testimony. The State did elicit testimony that Detective Burse's primary duties involved investigating juvenile abuse and serious domestic-related cases. The jury also heard testimony that Detective Burse arrested Naughton in July 2014. Naughton's Trial Counsel did not object to that testimony, and neither Naughton nor Substitute Counsel raised the issue on appeal. This claim therefore is barred by Rule 61(i)(3). Naughton has not demonstrated "cause for relief" from that procedural default, nor has he satisfied the pleading requirements of Rule 61(i)(5) to overcome that default. Naughton contends no objection was raised at trial because Trial Counsel was ineffective, but he does not explain why the issue was not raised on appeal, when he was represented by Substitute Counsel and also could himself have raised the issue directly to the Delaware Supreme Court.

---

[20] D.I. 84 at 3.

7

11.    On the other hand, Naughton's claim of ineffective assistance of counsel could not be raised at trial or on direct appeal from his conviction.[21] Naughton's Rule 61 Motion timely was filed and therefore the Court properly may consider the merits of his claim that Trial Counsel was ineffective.

**B. Naughton's claims of ineffective assistance of counsel**

12.    Naughton raises two bases that he argues support his contention that Trial Counsel was ineffective: (1) Trial Counsel "blatantly erred" in closing remarks, thereby "prejudicing the jury [and] not following [the] judge's instructions"; and (2) Trial Counsel suppressed "favorable evidence."

13.    To prevail on a claim for ineffective assistance of counsel, a defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[22] There is a strong presumption that counsel's representation was reasonable.[23] Accordingly, a defendant must make specific allegations of actual prejudice and substantiate them; vague allegations or conclusory statements will not suffice.[24]

14.    Naughton first argues that Trial Counsel's reference during closing arguments to a portion of the letter that had been redacted was a blatant error.

[21] *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[22] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[23] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[24] *Id.*; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015).

Although the State argues Trial Counsel may have referred to that material for strategic reasons, a review of the record indicates it was an unintended error on counsel's part.[25] Arguably, that error meets the first element of the *Strickland* test. Naughton has not shown, however, that there is a reasonable probability that, but for the error, the result of the proceeding would have been different. The trial judge immediately instructed the jury to disregard the statement. Moreover, there was significant evidence of Naughton's guilt through his own testimony; Naughton acknowledged at trial that he signed and received the bond conditions, that he wrote the letter, and that, through the letter, he was "asking or telling Melissa to speak to [the alleged victim]." For those reasons, Naughton has not shown that, in the absence of Trial Counsel's error, the jury would not have convicted him.

15. Naughton also argues that Trial Counsel was ineffective by suppressing favorable evidence. The entirety of Naughton's argument is that Trial Counsel "refused to even attempt to have 'one specific piece of evidence' admitted to trial, that would have proven [Melissa] perjured herself."[26] Although both Substitute Counsel and the State indicated in their responses that they cannot identify to what evidence Naughton refers, Naughton did not file any supplemental

---

[25] Trial Tr. 98.
[26] D.I. 84 at 3.

9

explanation.[27] Naughton's vague reference to evidence that Melissa perjured herself, without any specific information regarding the evidence or whether Trial Counsel was aware of it, is not sufficient to support a finding of ineffective assistance of counsel.

**NOW, THEREFORE,** for the foregoing reasons, **IT IS ORDERED** that David G. Naughton's Motion for Post-Conviction Relief is **DENIED**.

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Eric H. Zubrow, Deputy Attorney General
       Patrick J. Collins, Esquire
       David Naughton (SBI 00141362)

---

[27] *See* D.I. 87 ("Defendant shall have 30 days after service of the State's and trial counsel's submissions, in which to file the reply contemplated by Rule 61(f)(3) and (g)(3).").